## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HOWARD, Individually and On Behalf of All Others Similarly Situated,<br><br>                                   Plaintiff,<br><br>           v.<br><br>THE BEAR STEARNS COMPANIES INC., THE BEAR STEARNS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>                                   Defendants. | Civil Action No: 08 Civ. 2804 (RWS)(HBP)<br><br>ELECTRONICALLY FILED |

[additional captions appear on next page]

**DECLARATION OF LESTER L. LEVY IN SUPPORT OF *WEBER* PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR (1) CONSOLIDATION (2) APPOINTMENT OF LEAD PLAINTIFFS AND LEADERSHIP STRUCTURE AND (3) ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1, AND IN OPPOSITION TO THE MOTIONS OF THE *HOWARD* PLAINTIFFS AND PLAINTIFF *LOUNSBURY* FOR THE <u>APPOINTMENT OF LEAD COUNSEL AND RELATED RELIEF</u>**

| | |
|---|---|
| ESTELLE WEBER, individually, on behalf of the Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., CUSTODIAL TRUST COMPANY, JAMES CAYNE, ALAN SCHWARTZ, WARREN SPECTOR, SAMUEL MOLINARO, ALAN GREENBERG, and JOHN DOES 1 - 20,<br><br>Defendants. | Civil Action No: 08 Civ. 2870 (RWS)(JCF) |
| ANTHONY PISANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3006 (UA) |
| HANS MENOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Civil Action No: 08 Civ. 3035 (RWS)(HBP) |

| | |
|---|---|
| IRA GEWIRTZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3089 (RWS)(JCF) |
| DREW V. LOUNSBURY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN C. GREENBERG, ALAN D. SCHWARTZ, PAUL A. NOVELLY, FRANK T. NICKELL, FREDERICK V. SALERNO, VINCENT TESE, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Civil Action No: 08 Civ. 3326 (RWS) |
| SHELDEN GREENBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Civil Action No: 08 Civ. 3334 (RWS) (HBP) |

| | |
|---|---|
| SCOTT WETTERSTEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Civil Action No: 08 Civ. 3351 (UA) |
| RITA RUSIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3441 (UA) |
| LAWRENCE FINK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3602 (UA) |

I, LESTER L. LEVY, declare the following under penalty of perjury of the laws of the State of New York:

1.        I am the Chairman of the Executive Committee and managing partner at the law firm of Wolf Popper LLP ("Wolf Popper"), attorneys for Plaintiff Estelle Weber and the putative class members in the Bear Stearns ERISA Litigation.  I make this declaration in further support of *Weber* Plaintiffs' Motion for (1) Consolidation, (2) Appointment Of Lead Plaintiffs And Leadership Structure, and (3) Entry Of [Proposed] Pretrial Order No. 1 and in Opposition to the Motions of the *Howard* Plaintiffs and Plaintiff *Lounsbury* for the Appointment of Lead Counsel and Related Relief.  I am familiar with the facts set forth herein and will testify to them if necessary.

2.        Attached hereto as **Exhibit A** is a true and correct copy of the March 20, 2008 letter from Wolf Popper to Bear Stearns, requesting Plan documents under ERISA §104(b).

3.        Attached hereto as **Exhibit B** is a true and correct copy of the March 20, 2008 letter from Wolf Popper to defendants, requesting the preservation of documents.

4.        Attached hereto as **Exhibit C** is a true and correct copy of the March 27, 2008 letter from defendants to Wolf Popper, confirming their preservation of documents and data.

5.        Attached hereto as **Exhibit D** is a true and correct copy of the March 20, 2008 letter from Wolf Popper to the Securities and Exchange Commission, requesting documents under the Freedom of Information Act.

6.        Attached hereto as **Exhibit E** is a true and correct copy of the March 20, 2008 letter from Wolf Popper to the Department of Labor, requesting documents under the Freedom of Information Act.

7.        Attached hereto as **Exhibit F** is a true and correct copy of § 21.272 from the Manual for Complex Litigation.

8.    Wolf Popper filed the complaint on behalf of Estelle Weber on March 18, 2008. None of Wolf Popper's attorneys reviewed Plaintiff Aaron Howard's complaint prior to filing Estelle Weber's complaint, and thus could have not tracked any allegations in Mr. Howard's complaint.

Dated:  April 21, 2008
        New York New York.

/Lester L. Levy

EXHIBIT A

LAW OFFICES

# WOLF POPPER LLP

845 THIRD AVENUE

NEW YORK, N.Y. 10022-6601

(212) 759-4600

FACSIMILE: (212) 486-2093

WWW.WOLFPOPPER.COM

DIRECT DIAL:

March 20, 2008

Michael S. Solender, Esq.
General Counsel
The Bear Stearns Companies Inc.
383 Madison Avenue
New York, NY 10179

The Bear Stearns Companies, Inc.
Tax Department
383 Madison Avenue
New York, NY 10179

Re: *Weber vs. The Bear Stearns Companies Inc., et al.*, 08cv2870 (ERISA Litigation)

Dear Sirs:

Enclosed is a copy of the complaint filed in the above-entitled action under the Employee Retirement Income Security Act ("ERISA") in the Southern District of New York court on March 18, 2008.

We hereby request, on behalf of our client, pursuant to 29 U.S.C. §1024, copies of the Bear Stearns Companies Inc. Employee Stock Ownership (the "Plan"), any amendments or supplements thereto, during the Class Period (December 14, 2006, to the present); any summary plan descriptions, and supplements, updates or amendments thereto during the Class Period; any trust agreements with respect to the Plan; annual reports of the Plan; and any applicable bargaining agreements, contracts or other instruments under which the aforementioned Plan is established or operated.

We also request, on behalf or our client, her most recent account statement showing the value of her holdings under the Plan.

Please let us know when we can expect production of these documents.

Very truly yours,

Andrew E. Lencyk

Enclosure

Doc. 160208

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON    (1927-1977)

WRITER'S DIRECT DIAL NUMBER

212-373-3557
WRITER'S DIRECT FACSIMILE

212-492-0557
WRITER'S DIRECT E-MAIL ADDRESS

dpravda@paulweiss.com

1615 L STREET, NW
WASHINGTON, DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

MATTHEW W. ABBOTT
MARK H. ALCOTT
ALLAN J. ARFFA
ROBERT A. ATKINS
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
RICHARD S. BORISOFF
HENK BRANDS
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JEANETTE K. CHAN
YVONNE Y. F. CHAN
DOUGLAS A. CIFU
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHARLES E. DAVIDOW
DOUGLAS R. DAVIS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
JAMES M. DUBIN
LESLIE GORDON FAGEN
MARC FALCONE
PETER L. FELCHER
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
KENNETH A. GALLO
MICHAEL E. GERTZMAN
PAUL D. GINSBERG
ERIC S. GOLDSTEIN
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
ROBERT M. HIRSH
MICHELE HIRSHMAN
JOYCE S. HUANG
JEH CHARLES JOHNSON
MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
JOHN C. KENNEDY
ALAN W. KORNBERG

DANIEL J. KRAMER
DAVID K. LAKHDHIR
JOHN E. LANGE
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
JULIA TARVER MASON
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
TOBY S. MYERSON
JOHN E. NATHAN
CATHERINE NYARADY
ALEX YOUNG K. OH
JOHN J. O'NEIL
KELLEY D. PARKER
ROBERT P. PARKER*
MARC E. PERLMUTTER
MARK F. POMERANTZ
VALERIE E. RADWANER
CAREY R. RAMOS
CARL L. REISNER
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW H. ROSENBERG
STEVEN B. ROSENFELD
PETER J. ROTHENBERG
RAPHAEL M. RUSSO
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JAMES H. SCHWAB
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
MARILYN SOBEL
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
JUDITH R. THOYER
DANIEL J. TOAL
MARK A. UNDERBERG
LIZA M. VELAZQUEZ
MARIA T. VULLO
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
JORDAN E. YARETT
KAYE N. YOSHINO
ALFRED D. YOUNGWOOD
TONG YU
TRACEY A. ZACCONE
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

April 18, 2008


**Via Hand Delivery**

Andrew E. Lencyk, Esq.
Wolf Popper LLP
845 Third Avenue
New York, New York 10022

    *Weber* v. *The Bear Stearns Companies Inc., et al.,* No. 08 Civ. 2870 (RWS)

Dear Andrew:

        On behalf of The Bear Stearns Companies Inc., we write in response to your March 20, 2008 letter to Michael Soleander requesting certain documents pursuant to ERISA § 104(b)(4). In response to your request, we attach the following documents bearing Bates numbers BSC-ERISA 0001 to BSC-ERISA 0127:

- The Bear Stearns Companies Inc. Employee Stock Ownership Plan, as amended and restated effective as of January 1, 2007;

- Plan amendments through the present;

- The 2007 Employee Stock Ownership Plan Summary Plan Description;

- The Bear Stearns Companies Inc. Employee Stock Ownership Trust agreement, dated March 26, 1990;

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Andrew E. Lencyk, Esq.                                                           2

- The Bear Stearns Companies Inc. Employee Stock Ownership Plan Form 5500 for 2006. (We have removed Schedule SSA, which is the annual registration statement identifying separated participants with deferred vested benefits.)

We are following up on obtaining your client's most recent account statement showing the value of her holdings in the Plan, and will provide it to you when it is available.

Please feel free to contact me should you have any questions.

Sincerely,

Douglas M. Pravda

cc:      Lewis R. Clayton, Esq.
         Paul J. Ondrasik, Jr., Esq.

EXHIBIT B

LAW OFFICES
# WOLF POPPER LLP
845 THIRD AVENUE
NEW YORK, N.Y. 10022-6601

(212) 759-4600

FACSIMILE: (212) 486-2093
WWW.WOLFPOPPER.COM

DIRECT DIAL:
212.451.9628
Email:alencyk@wolfpopper.com

March 20, 2008

Michael S. Solender, Esq.
General Counsel
The Bear Stearns Companies Inc.
383 Madison Avenue
New York, NY 10179

> Re:  **Preservation of Documents and Other Evidence**
> **Weber vs. The Bear Stearns Companies Inc., et al., 08cv2870**
> **(ERISA Litigation)**

Dear Mr. Solender:

By this letter, you are hereby given notice, on behalf of defendants in the above-entitled action, not to destroy, conceal or alter any paper or electronic files, software, programs or other data generated by and/or stored on computers and storage media (*e.g.*, hard disks, floppy disks, backup tapes), or any other electronic data, such as voice mail, that may relate to the administration and management of the Bear Stearns Companies Inc. Employee Stock Ownership Plan (the "Plan"), which is the subject of the above-entitled lawsuit. Failure to comply with this notice can result in severe sanctions being imposed by the Court for spoliation of evidence or potential evidence.

Through discovery we expect to obtain from you a number of documents and other items, pursuant to the Federal Rules of Civil Procedure, including files stored on your computers in connection with the administration and management of the Plan.

In order to avoid spoliation, you will need to provide the data requested on the original media. You should not reuse any media to provide this data.

Although we may bring a motion, if required, for an order preserving documents and things from destruction or alteration, the obligation to preserve documents and things for discovery in this case arises in law and equity independently from any order on such motion.

Electronic software, documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media and the software used in the preparation of such documents. We also will seek paper printouts of only those documents,

WOLF POPPER LLP

Michael S. Helfer
March 20, 2008
Page 2

which contain unique information after they were printed out (such as paper documents
containing handwriting, signatures, marginalia, drawings, annotations highlighting and
redactions) along with any paper documents for which no corresponding electronic files exist.

Our discovery requests will ask for certain data on the hard disks, floppy disks and
backup media used in your computers, some of which data are not readily available to an
ordinary computer user, such as "deleted" files and "file fragments." As you may know, although
a user may "erase" or "delete" a file, all that is really erased is a reference to that file in a table
on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as
any "active" file you would see in a directory listing.

Courts have made it clear that all information available on electronic storage media is
discoverable, whether readily readable ("active") or "deleted" but recoverable. *See, e.g., Easley,
McCaleb & Assoc., Inc. v. Perry*, No. E-2663 (Ga. Super. Ct. July 13 1994) ("deleted" files on a
party's computer hard drive held to be discoverable, and plaintiff's expert was allowed to
retrieve all recoverable files); *Santiago v. Miles*, 121 F.R.D. 636, 640 (W.D.N.Y. 1988) (a
request for "raw information in computer banks" was proper and obtainable under the discovery
rules); *Gates Rubber Co. v. Bando Chemical Indus., Ltd.*, 167 F.R.D. 90 , 112 (D. Colo. 1996)
(mirror-image copy of everything on a hard drive "the method which would yield the most
complete and accurate results," chastising a party's expert for failing to do so); *Northwest
Airlines, et al. v. Local 2000, et al.*, (D. Minn, 2000, Civil Docket Case No. 000CV8) (court
ordered image-copying by Northwest's expert of home computer hard drives of employees
suspected of orchestrating an illegal "sick-out" on the Internet).

Accordingly, electronic data and storage media that may be subject to our discovery
requests and that you are obligated to maintain and not alter or destroy, include but are not
limited to the following:

1.    **Description Of Documents Relating To The Plan And Related Subjects:**

All digital or analog electronic files, including "deleted" files and file fragments, stored
in machine-readable format on magnetic, optical or other storage media, including the hard
drives or floppy disks used by your computers and their backup media (*e.g.*, other hard drives,
backup tapes, floppies, JAZ cartridges, CD-ROM's) or otherwise, whether such files have been
reduced to paper printouts or not. More specifically, you are to preserve all e-mails, both sent
and received, whether internally or externally; all word-processed files, including drafts and
revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer
aided design) files, including drafts and revisions; all presentation data or slide shows produced
by presentation software (such as management software (such as Microsoft Project)); all data
generated by calendaring, task management and Personal Information Management (PIM)
software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal
Data Assistants (PDA's), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows DE-

WOLF POPPER LLP

Michael S. Helfer
March 20, 2008
Page 3

Based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" fields generated at the work station of each employee and/or agent in your employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail. Further, you shall preserve any log or logs of network use by employees or otherwise, whether kept in paper or electronic form, and to preserve all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your control and custody, as well as image copies of all hard drives retained by you and no longer in service, but in use at any time from 2003 to the present.

You may not pack, compress, purge or otherwise dispose of files and parts of files unless a true and correct copy of such files is made.

Similarly, you shall preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we are requesting/will request through discovery.

## 2.   Business Records

All documents and information about documents containing backup and/or archive policy and/or procedure, document retention policy, names of backup and/or archive software, names and addresses of any offsite storage provider.

     a.    All e-mail and information about e-mail (including message contents, header, addressees and logs of e-mail system usage);

     b.    All other e-mail and information about e-mail (including message contents, header information, addressees and logs of e-mail system usage) containing information about or related to this litigation;

     c.    All databases (including all records and fields and structural information in such databases), containing any reference to and/or information about or related to this litigation;

     d.    All logs of activity (both in paper and electronic formats) on computer systems and networks which have or may have been used to process or store electronic data containing information about or related to this litigation;

WOLF POPPER LLP

Michael S. Helfer
March 20, 2008
Page 4

      e.     All word processing files, including prior drafts, "deleted" files and file
              fragments, containing information about or related to this litigation;

      f.      With regard to electronic data created by application programs which process
              financial, accounting and billing information, all electronic data files, including
              prior drafts, "deleted" files and file fragments, containing information about or
              related to this litigation;

      g.     All files, including prior drafts, "deleted" files and file fragments, containing
              information from electronic calendars and scheduling programs regarding or
              related to this litigation;

      h.     All electronic data files, including prior drafts, "deleted" files and file fragments,
              containing information about or related to this litigation.

**3.    On-Line Data Storage on Mainframes and Minicomputers**

      With regard to on-line storage and/or direct access storage devices attached to mainframe
computers and/or minicomputers, defendants and their counsel may not modify or delete any
electronic data files, "deleted" files and file fragments, existing at the time of this letter's
delivery, which meet the definitions set forth in this letter, unless a true and correct copy of each
such electronic data file has been made and steps have been taken to assure that such a copy will
be preserved and accessible for purposes of this litigation.

**4.    Off-Line Data Storage, Backups and Archives, Disks, Tapes and Other Removable
Electronic Media**

      With regard to all electronic media used for off-line storage, including magnetic tapes
and cartridges and other media, which, at the time of this letter's delivery, contained any
electronic data meeting the criteria listed in paragraph 1 above: Defendants and their counsel
should stop any activity that may result in the loss of such electronic data, including rotation,
destruction, overwriting and/or erasure of such media in whole or in part. This request is
intended to cover all removable electronic media used for data storage in connection with their
computer systems, including magnetic tapes and cartridges, magneto-optical disks, CDs, DVDs,
floppy diskettes, and all other media, whether used with personal computers, minicomputers or
mainframes or other computers, and whether containing backup and/or archive data sets and
other electronic data, for all of their computer systems.

WOLF POPPER LLP

Michael S. Helfer
March 20, 2008
Page 5

### 5.   Replacement of Data Storage Devices

You should not dispose of any electronic data storage devices and/or media which may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 above.

### 6.   Fixed Drives On Stand Alone Personal Computers and Network Workstations

With regard to electronic data meeting the criteria listed in paragraph 1 above, that existed on fixed drives attached to stand-alone microcomputers and/or network workstations at the time of this letter's delivery: you shall not alter or erase such electronic data, and not to perform other procedures (such as data compression and disk de-fragmentation or optimization routines) which may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies during the pendency of this litigation.

### 7.   Programs and Utilities

You shall preserve copies of all application programs and utilities, which may be used to process electronic data covered by this letter.

### 8.   Log of System Modifications

You shall maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process and electronic data meeting the criteria listed in paragraph 1 above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third-parties.

### 9.   Personal Computers Used by employees and/or their Secretaries and Assistants

You shall immediately take the following steps in regard to all personal computers used by employees and/or their secretaries and assistants.

    a.   As to fixed drives attached to such computers: (i) a true and correct copy is to be made of all electronic data on such fixed drives relating to this matter, including all active files and completely restored versions of all deleted electronic files and

Wolf Popper LLP

Michael S. Helfer
March 20, 2008
Page 6

file fragments; (ii) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed drives should be written; and (iii) such copies and listings are to be preserved until this matter reaches its final resolution; and

b.    All floppy diskettes, magnetic tapes and cartridges, and other media used in connection with such computers prior to the date of delivery of this letter containing any electronic data relating to this matter are to be collected and put into storage for the duration of this dispute.

## 10.    Evidence Created Subsequent to this Letter

With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence is not be destroyed and you should take whatever steps are appropriate to avoid destruction of evidence.

In order to assure that the obligation to preserve documents and things will be met, please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

Thank you for your anticipated co-operation with the matters addressed herein. Please feel free to call me if you have any question or comment regarding the foregoing.

Wolf Popper, LLP

Andrew E. Lencyk

EXHIBIT C

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS    (1927-1950)
JOHN F. WHARTON    (1927-1977)


WRITER'S DIRECT DIAL NUMBER

212 373-3316

WRITER'S DIRECT FACSIMILE

212 492-0316

WRITER'S DIRECT E-MAIL ADDRESS

bkarp@paulweiss.com

1615 L STREET, NW
WASHINGTON, DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

MATTHEW W. ABBOTT
MARK H. ALCOTT
ALLAN J. ARFFA
ROBERT A. ATKINS
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
RICHARD S. BORISOFF
HENK BRANDS
JOHN F. BREGLIO
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
PATRICK S. CAMPBELL*
JEANETTE K. CHAN
YVONNE Y. F. CHAN
DOUGLAS A. CIFU
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHARLES E. DAVIDOW
DOUGLAS R. DAVIS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
JAMES M. DUBIN
LESLIE GORDON FAGEN
MARC FALCONE
PETER L. FELCHER
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
KENNETH A. GALLO*
MICHAEL E. GERTZMAN
PAUL D. GINSBERG
ERIC S. GOLDSTEIN
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
ROBERT M. HIRSH
MICHELE HIRSHMAN
JOYCE S. HUANG
JEH CHARLES JOHNSON
MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP

JOHN C. KENNEDY
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
JOHN E. LANGE
DANIEL J. LEFFELL
JEFFREY D. MARELL
JULIA TARVER MASON
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
TOBY S. MYERSON
JOHN E. NATHAN
CATHERINE NYARADY
ALEX YOUNG K. OH
JOHN J. O'NEIL
KELLEY D. PARKER
ROBERT P. PARKER*
MARC E. PERLMUTTER
MARK F. POMERANTZ
VALERIE E. RADWANER
CAREY R. RAMOS
CARL L. REISNER
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
STEVEN B. ROSENFELD
PETER J. ROTHENBERG
RAPHAEL M. RUSSO
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JAMES H. SCHWAB
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
MARILYN SOBEL
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
JUDITH R. THOYER
DANIEL J. TOAL
MARK A. UNDERBERG
LIZA M. VELAZQUEZ
MARIA T. VULLO
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
JORDAN E. YARETT
KAYE N. YOSHINO
ALFRED D. YOUNGWOOD
TONG YU
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO NEW YORK BAR

March 27, 2008

Andrew E. Lencyk
Wolf Popper LLP
845 Third Avenue
New York, NY 10179

> *Weber* v. *The Bear Stearns Companies Inc., et al., 08cv2870*

Dear Mr. Lencyk:

     We represent the Bear Stearns Companies Inc. ("Bear Stearns"), and write in response to your letter of March 20 2008, concerning Bear Stearns' obligation to preserve documents and electronic data, which obligations your letter does not accurately describe. Bear Stearns will fully comply with its obligations, as prescribed by the Federal Rules of Civil Procedure, to preserve relevant documents and data. If you have any particular concerns, we are prepared to discuss them with you.

     Sincerely,

     Brad S. Karp / jsc

     Brad S. Karp

BSK:dtt
Enclosures

EXHIBIT D

LAW OFFICES
# WOLF POPPER LLP
845 THIRD AVENUE
NEW YORK, N.Y. 10022-6601

(212) 759-4600

FACSIMILE: (212) 486-2093
WWW.WOLFPOPPER.COM

212 451-9628
DIRECT DIAL:     alencyk@wolfpopper.com

March 20, 2008

U.S. Securities & Exchange Commission
FOIA Office
100 F Street, NE
Mail Code 5100
Washington, DC 20549

Attention: FOIA Request

Dear Sir:

Under the Freedom of Information Act (FOIA), please send me, care of the above firm, any documents related to any investigation by the SEC of: (a) The Bear Stearns Companies, Inc.'s ("Bear Stearns") accounting for mortgage loss contingencies (including its securitization of mortgages) or Collateralized Debt Obligations; (b) whether Bear Stearns's losses related to its mortgage related activities were timely disclosed to investors; and (c) whether Bear Stearns's timely disclosed its liquidity problems to investors. We are prepared to pay up to $5,000 for search and review fees. Should the search and review fees exceed this amount, please do not refuse this request but contact me at 212-451-9628 since we may be in a position to pay a greater amount depending on the circumstances then existing.

Very truly yours,

Andrew Lencyk

Doc#: 158920



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC  20549

Office of Freedom of Information
& Privacy Act Operations

Mail Stop 5100                            March 26, 2008

Mr. Andrew Lencyk
Law Offices of Wolf Popper LLP
845 Third Avenue
New York, NY 10022-6601

     Re:   Freedom of Information Act (FOIA), 5 U.S.C. § 552
          Request No. 08-05297-FOIA

Dear Mr. Lencyk:

     This letter is an acknowledgment of your FOIA Request
dated March 20, 2008 and received in this office on March
26, 2008 regarding The Bear Stearns Companies Inc.

     Your request has been assigned tracking number 08-
05297-FOIA.  Your request will be assigned to a Research
Specialist for processing and you will be notified of the
findings as soon as possible.  After 20 business days you
may contact this office for the status of your request by
calling 202-551-8300, or sending an email to
foiapa@sec.gov.  Please cite your tracking number if you
contact us.

     For additional information, please visit our website
at www.sec.gov and follow the FOIA link at the bottom.

                    Sincerely,

                    The S.E.C. FOIA/PA Office

EXHIBIT E

LAW OFFICES

# WOLF POPPER LLP

845 THIRD AVENUE

NEW YORK, N.Y. 10022-6601

(212) 759-4600

FACSIMILE: (212) 486-2093
WWW.WOLFPOPPER.COM

212 451-9628
DIRECT DIAL:    alencyk@wolfpopper.com

March 20, 2008

U.S. Department of Labor
Office of the Assistant Secretary for Employee
Benefits Security Administration
200 Constitution Avenue, NW
Washington, DC 20210

Attention: FOIA Request

Dear Sir:

We represent current and former employees of The Bear Stearns Companies, Inc. ("Bear Stearns"). On March 18, 2008, we filed a civil enforcement action under the Employee Retirement Income Security Act ("ERISA") §§ 502(a)(2), (3), 29 U.S.C. §§ 1132(a)(2), (3), for relief on behalf of the Bear Stearns Companies Inc. Employee Stock Ownership Plan (the "Plan"). The action alleges that the Plan's fiduciaries allowed the imprudent investment of the Plan's assets in Bear Stearns common stock, from the period December 14, 2006 to the present, despite the fact that they knew or should have known that such investment was unduly risky and imprudent due to Bear Stearn's high exposure to the subprime mortgage market and improper business practices.

Under the Freedom of Information Act (FOIA), we request any documents related to the investment of the Plan's assets in Bear Stearns common stock, including the operative Plan documents, documents concerning Plan fiduciaries, and any complaints from Plan participants related to the Plan. We are prepared to pay up to $2,500 for search and review fees. Should the search and review fees exceed this amount, please do not refuse this request but contact me at 212-451-9628 since we may be in a position to pay a greater amount depending on the circumstances then existing.

Very truly yours,

Andrew Lencyk

Doc. 160206

EXHIBIT F

class and individual actions involving the same subject matter. Those seeking appointment as class counsel must identify related litigation in which they are participating. It is important for the judge to ensure that counsel does not have a conflict with class interests.[855]

In many cases, the lawyers who filed the suit will be the obvious or only choice to be appointed counsel for the class. In such cases, the judge's task is to determine whether the applicant is able to provide adequate representation for the class in light of the Rule 23(g)(1)(C) factors.

The judge must choose the class counsel when more than one class action has been filed and consolidated or centralized, or more than one lawyer seeks the appointment. The term "appoint" here means to "select" as well as to "designate" the lawyer as class counsel. If there are multiple applicants, the court's task is to select the applicant best able to represent the interests of the class. No single factor is dispositive in evaluating prospective class counsel. In addition to those listed above, relevant considerations might include

- involvement in parallel cases in other courts;
- any existing attorney–client relationship with a named party; and
- fee and expense arrangements that may accompany the proposed appointment.

## 21.272 Approaches to Selecting Counsel

There are several methods for selecting among competing applicants. By far the most common is the so-called "private ordering" approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests.[856] Counsel may agree to designate a particular lead class counsel in exchange for commitments to share the legal work and fees. To guard against overstaffing and unnecessary fees,[857] the court should order the attorneys to produce for court examination any agreements they have made relating to fees or costs.[858] See section 21.631.

855. For an overview of possible conflicts of interest and other abuses (such as the "reverse auction" settlement in which defendant seeks to settle with counsel willing to accept the lowest offer), see sources cited *supra* note 737 and see *infra* sections 21.611–21.612.

856. *See* Third Circuit Task Force Report on Selection of Class Counsel, 74 Temp. L. Rev. 689, 693–94 (2001) [hereinafter Third Circuit 2001 Task Force Report]; *see generally supra* section 14.

857. *See, e.g., In re* Fine Paper Antitrust Litig., 98 F.R.D. 48 (E.D. Pa. 1983), *modified,* 751 F.2d 562 (3d Cir. 1984).

858. *See* Fed. R. Civ. P. 23(h) committee note; *see also* Fed. R. Civ. P. 23(e)(2) (settlement approval); Fed. R. Civ. P. 54(d)(2)(B) (attorney fees motions).

In the "selection from competing counsel" approach, the judge selects from counsel who have filed actions, are unable to agree on a lead class counsel, and are competing for appointment. The lawyer best able to represent the class's interests may emerge from an examination of the factors listed in Rule 23(g)(1)(C), as well as other factors, such as those delineated above.

A third and relatively novel approach, competitive bidding, entails inviting applicants for appointment as class counsel to submit competing bids. The fees to be awarded are one of the many factors in the selection.[859] Rules 23(g)(1)(iii) and 23(g)(2)(C) expressly permit the court to consider fee arrangements in appointing counsel. Some judges propose a fee structure as a framework for comparing bids for different percentages at different levels of recovery.[860]

Judges in antitrust and securities class actions have used competitive bidding to select counsel and to establish in advance a rate or formula for calculating attorney fees. Studies suggest that bidding may be more appropriate when

- prospective damages are relatively high;
- the chances of success are relatively predictable;
- prefiling investigative work was conducted by governmental agencies or others, so that the lawyers' foundational work is minimal; and
- the bidding process does not directly conflict with statutory or policy goals.

Bidding remains an experimental approach to selecting counsel and establishing presumptive fee levels.[861]

---

859. *See* Third Circuit 2001 Task Force Report, *supra* note 856, at 715–22; Laural L. Hooper & Marie Leary, Auctioning the Role of Class Counsel in Class Action Cases: A Descriptive Study (Federal Judicial Center Aug. 29, 2001), *reprinted in* 209 F.R.D. 519 (2002); *see also In re* Auction Houses Antitrust Litig., 197 F.R.D. 71 (S.D.N.Y. 2000); *In re* Amino Acid Lysine Antitrust Litig., 918 F. Supp. 1190 (N.D. Ill. 1996); *In re* Wells Fargo Sec. Litig., 156 F.R.D. 223 (N.D. Cal.), *later proceedings at* 157 F.R.D. 467 (N.D. Cal. 1994); *In re* Oracle Sec. Litig., 131 F.R.D. 688 (N.D. Cal.), *later proceedings at* 132 F.R.D. 538 (N.D. Cal. 1990), *and* 136 F.R.D. 639 (N.D. Cal. 1991); *supra* section 10.224. *See generally* Alan Hirsch & Diane Sheehey, Awarding Attorneys' Fees and Managing Fee Litigation 99–101 (Federal Judicial Center 1994); Steven A. Burns, Note, *Setting Class Action Attorneys' Fees: Reform Efforts Raise Ethical Concerns*, 6 Geo. J. Legal Ethics 1161 (1993).

860. For examples of fee structures that were used in the bidding cases, see Hooper & Leary, *supra* note 859, at 34–45, reprinted in 209 F.R.D. at 561–73 (documenting key features of the various bidding approaches used in all twelve bidding cases identified in this descriptive study).

861. *See generally* Hooper & Leary, *supra* note 859; Third Circuit 2001 Task Force Report, *supra* note 856.

Cases in which liability is relatively clear and the amount of damages relatively predictable may be particularly good candidates for *ex ante* fee setting. Even if there is no court-ordered competition, a court may consider asking counsel to submit fee proposals to help analyze which application is best able to represent the class. In any case in which the judge does not appoint as class counsel the attorneys who investigated and filed the case, those attorneys may be entitled to compensation based on work performed. See section 14.12.

The Private Securities Litigation Reform Act of 1995 mandates an "empowered-plaintiff" approach to appointment of counsel in securities class actions.[862] This statute-based model provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."[863] Section 31.3 provides a useful analogy for similar class actions brought by sophisticated plaintiffs with large losses or sizeable claims.

The order that appoints counsel might specify some of the criteria the judge expects to use in determining a fee award. The order can include provisions that will affect the fees *ex ante*[864] as part of the appointment process, even in jurisdictions that require a searching and detailed *ex post* review of the fee award at the end of the case. For example, the court can clarify whether it will use the percentage or lodestar method or a combination of the two in calculating fees. The judge can also specify terms that may reduce duplicative work, unnecessary hours, and unnecessary costs, such as agreements on the numbers of lawyers who may appear at depositions or agreements on the types of permissible expenses. See section 14.211. With the percentage-of-fund method for calculating attorney fee awards, such detailed limitations are less important since the maximum fee award is fixed at a reasonable percentage of the class recovery, no matter how many lawyers work to produce it. Even under a percentage-of-fund approach, however, consider controlling litigation

862. Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (codified as amended at 15 U.S.C. §§ 77z-1, 78u-4 to 78u-5 (2000)). For a discussion of the underpinnings of the empowered plaintiff model, see generally Elliott J. Weiss & John S. Beckerman, *Let the Money Do the Monitoring: How Institutional Investors Can Reduce Agency Costs in Securities Class Actions,* 104 Yale L.J. 2053 (1995).

863. 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v) (2000).

864. At least one court of appeals has expressed a preference for establishing the terms of appointment *ex ante. See In re* Synthroid Mktg. Litig., 264 F.3d 712, 718–19 (7th Cir. 2001) ("The best time to determine [a market] rate is the beginning of the case, not the end . . . ."). Another court of appeals has ruled that *ex ante* consideration of the terms of appointing counsel is not a substitute for *ex post* review of fees that were calculated using a formula established at the outset of the litigation. *In re* Cendant Corp. Prides Litig., 243 F.3d 722, 736–37 (3d Cir. 2001).

expenses that would ordinarily be deducted from the award to the class before fees are calculated. Many courts use the lodestar method as a cross-check on the reasonableness of the fee awarded under a percentage-of-fund approach. See section 14.122.

If no applicant would provide adequate representation, the judge may refuse to certify the class. If the class appears otherwise certifiable, however, refusal to certify solely on a finding of inadequate representation is very problematic. One alternative is to allow a reasonable time period for other attorneys to seek appointment.

### 21.273 Procedures for Appointment

If only one lawyer seeks appointment as class counsel, or if the parties agree who should be class counsel or lead class counsel, the application is generally submitted as part of the certification motion. If competing applications are likely, a reasonable period after commencement of the action should be allowed for attorneys to file class counsel applications. Competing applications are likely where more than one class action has been filed or other attorneys have filed individual actions on behalf of members of the proposed class. To facilitate comparison among applications, consider ordering applicants to follow a common format designed to elicit information about the court's appointment criterion. Any order of appointment should include a statement of the reasons for the appointment. Section 10.2 considers appointment of liaison counsel and committees of counsel in complex class action cases or cases resulting from the consolidation of different classes or subclasses.

## 21.28 Interlocutory Appeals of Certification Decisions

Rule 23(f) provides that a court of appeals may permit parties to appeal a district court order granting or denying class certification if application to the court of appeals is made within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or court of appeals so orders. Whether to grant an interlocutory appeal lies within the discretion of the court of appeals. The reported opinions produce a rough consensus[865] that interlocutory review should not be granted unless one or

---

865. *See* Prado-Steiman *ex rel.* Prado v. Bush, 221 F.3d 1266 (11th Cir. 2000); Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288 (1st Cir. 2000); Blair v. Equifax Check Servs., Inc., 181 F.3d 832 (7th Cir. 1999); *but cf.* Isaacs v. Sprint Corp., 261 F.3d 679 (7th Cir. 2001). Other courts, however, have indicated a more expansive standard for granting interlocutory appeals. *See, e.g., Isaacs,* 261 F.3d at 681 (expressing doubt that creating an exhaustive list of factors to