**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON HOWARD, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>THE BEAR STEARNS COMPANIES INC., THE BEAR STEARNS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 08-CV-2804 (RWS) |

[*additional captions follow*]

**PLAINTIFFS AARON HOWARD'S AND SHELDEN GREENBERG'S**
**SUBMISSION REGARDING DEFENDANTS' RESPONSE TO**
**MOTIONS FOR CONSOLIDATION**

| | |
|---|---|
| ESTELLE WEBER, individually, on behalf of the Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>THE BEAR STEARNS COMPANIES, INC., CUSTODIAL TRUST COMPANY, JAMES CAYNE, ALAN SCHWARTZ, WARREN SPECTOR, SAMUEL MOLINARO, ALAN GREENBERG, and JOHN DOES 1-20,<br><br>     Defendants. | )<br>)<br>) Case No. 08-CV-2870 (RWS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ANTHONY PISANO, individually and on behalf of all others similarly situated.<br><br>     Plaintiff,<br><br>  v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>     Defendants. | )<br>)<br>) Case No. 08-CV-3006 (UA)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| HANS MENOS, individually and on behalf of all others similarly situated, | ) ) ) |
| | ) Case No. 08-CV-3035 (RWS) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| IRA GEWIRTZ, individually and on behalf of all others similarly situated, | ) ) |
| | ) Case No. 08-CV-3089 (RWS) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20, | ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |

| | |
|---|---|
| DREW V. LOUNSBURY, Individually and On Behalf of All Others Similarly Situated, ) ) ) | Case No. 08-CV-3326 (RWS) |
| Plaintiff, ) ) | |
| vs. ) ) | |
| THE BEAR STEARNS COMPANIES INC. JAMES E. CAYNE; ALAN C. GREENBERG; ALAN D. SCHWARTZ; PAUL A. NOVELLY; FRANK T. NICKELL; FREDERIC V. SALERNO; VINCENT TESE; and JOHN AND JANE DOES 1-10, ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |
| SHELDEN GREENBERG, Individually and On Behalf of All Others Similarly Situated, ) ) ) | Case No. 08-CV-3334 (RWS) |
| Plaintiff, ) ) | |
| vs. ) ) | |
| THE BEAR STEARNS COMPANIES INC. JAMES E. CAYNE; ALAN C. GREENBERG; JEFFREY MAYER; SAMUEL L. MOLINARO, JR., ALAN D. SCHWARTZ; WARREN J. SPECTOR; and JOHN AND JANE DOES 1-10, ) ) ) ) ) ) | |
| Defendants. ) ) | |

| | |
|---|---|
| SCOTT WETTERSTEN, individually and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Case No. 08-CV-3351 (RWS)

| | |
|---|---|
| RITA RUSIN, individually and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Case No. 08-CV-3441 (RWS)

| | |
|---|---|
| LAWRENCE FINK, individually and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Case No. 08-CV-3602 (UA)

Plaintiffs Aaron Howard and Shelden Greenberg (the "*Howard* Plaintiffs"), by counsel, respectfully present this submission regarding Defendants' response to the Motions for Consolidation.

The *Howard* Plaintiffs and Defendants are largely in agreement, inasmuch as both parties concur that all of the "Bear Stearns ERISA Actions"[1] should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and that the parties should confer regarding the schedule for filing a consolidated complaint and Defendants' response(s) thereto.  However, there is one area of potential disagreement: The *Howard* Plaintiffs maintain that, in addition to the documents required to be produced pursuant to ERISA § 104(b), Defendants should produce such limited additional "core" ERISA documents needed to properly identify all appropriate defendants ("Core Documents") prior to the filing of a consolidated complaint.[2]   In their Response, Defendants resisted the *Howard* Plaintiffs' request for the production of Core Documents and maintained that, pursuant to the temporary stay imposed by Rule 26(d) of the Federal Rules of Civil Procedure, all such production should await the completion of the parties' conference pursuant to Rule 26(f).

---

[1] The ten Bear Stearns ERISA complaints are as follows: *Howard v. Bear Stearns Cos. Inc., et al.*,  No. 08-2804 (S.D.N.Y. Mar. 17, 2008); *Weber v. Bear Stearns Cos. Inc., et al.*, No. 08-2870 (S.D.N.Y. Mar. 18, 2008); *Pisano v. Bear Stearns Cos. Inc., et al.*, No. 08-3006 (S.D.N.Y. Mar. 24, 2008); *Menos v. Bear Stearns Cos. Inc., et al.*, No. 08-3035 (S.D.N.Y. Mar. 25, 2008); *Gerwitz v. Bear Stearns Cos. Inc., et al.*, No. 08-3089 (S.D.N.Y. Mar. 26, 2008); *Lounsbury v. Bear Stearns Cos. Inc., et al.*, No. 08-3326 (S.D.N.Y. Apr. 3, 2008); *Greenberg v. Bear Stearns Cos. Inc., et al.*, No. 08-3334 (S.D.N.Y. Apr. 3, 2008); *Wettersten v. The Bear Stearns Cos. Inc., et al.*, No. 08-03351 (S.D.N.Y.  Apr. 4, 2008); *Rusin v. The Bear Stearns Cos. Inc., et al.*, No. 08-cv-3441 (S.D.N.Y. Apr. 4, 2008); and *Fink v. The Bear Stearns Cos. Inc., et al.*, No. 08-3602 (S.D.N.Y. Apr. 15, 2008).

[2] Courts in numerous other ERISA breach of fiduciary duty cases have recognized the importance of properly naming parties in consolidated complaints, and have ordered defendants to produce Core Documents prior to the filing of a consolidated complaint.  *See* paragraph 6 of attached Pretrial Order from *In re Visteon ERISA Litig.*, attached as Exhibit A hereto; paragraph 1 of attached Stipulation from *In re Marsh & McLennan ERISA Litig.*, attached as Exhibit B hereto; paragraph 18 of attached Order from *In re Polaroid ERISA Litig.*, attached as Exhibit C hereto; and paragraph 1 of the attached Stipulated Scheduling Order from the *In re Ford ERISA Litig.*, attached as Exhibit D hereto.  Thus, counsel for the *Howard* Plaintiffs have sought such Core Documents in their [Proposed] Order Consolidating Related Actions and Appointing Interim Lead Plaintiffs and Interim Co-Lead and Liaison Counsel ("Proposed Order").

In an effort to reach resolution of this issue without intervention by the Court, counsel for the *Howard* Plaintiffs has contacted counsel for The Bear Stearns Companies Inc. ("Bear Stearns"). At the time of this filing, counsel for Bear Stearns and the *Howard* Plaintiffs—with each fully reserving their respective rights—are attempting informally to reach agreement with respect to the provision of such Core Documents. Counsel for the *Howard* Plaintiffs is hopeful that these informal efforts will be productive. This effort is consistent with the *Howard* Plaintiffs' goal of ensuring efficient and effective prosecution of this action.

Dated: New York, New York
    April 21, 2008.                 Respectfully submitted,

                **DEALY & SILBERSTEIN, LLP**


                ___/s/_____
                Milo Silberstein (MS 4637)
                225 Broadway, Suite 1405
                New York, NY 10007
                Telephone: (212) 385-0066
                Facsimile: (212) 385-2117
                *Proposed Interim Liaison Counsel for the Class.*

                **SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
                Joseph H. Meltzer
                Edward W. Ciolko
                Mark K. Gyandoh
                James A. Maro
                280 King of Prussia Road
                Radnor, PA 19087
                Telephone: (610) 667-7706
                Facsimile: (610) 667-7056
                *Counsel for Aaron Howard and Proposed Interim Co-Lead Counsel for the Class.*

**KELLER ROHRBACK L.L.P**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
*Counsel for Shelden Greenberg and
Proposed Interim Co-Lead Counsel for
the Class.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date that a true and correct copy of the foregoing Plaintiffs Aaron Howard and Shelden Greenberg's Submission Regarding Defendants' Response to Motions for Consolidation was served on the following via the Court's ECF filing system.

**WOLF POPPER LLP**

Marion P. Rosner
Andrew Lencyk
James Kelly-Kowlowitz
845 34rd Avenue
New York, NY 10022
Telephone: (212) 759-4600

*Counsel for Plaintiff Estelle Weber*

**MEREDITH COHEN GREENFOGEL& SKIRNICK, P.C.**

Robert A. Skirnick
One Liberty Plaza, 35th Floor
New York, NY 10006
Telephone: (212) 624-0020
Facsimile: (212) 240-0021

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman
Andrew M. Volk
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
andrew@hbsslaw.com

**MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.**

Steven J. Greenfogel
1521 Locust Street, 8th Floor
Philadelphia, PA 19102
Telephone: (215) 564-5182
Facsimile: (215) 569-0958

*Counsel for Plaintiff Ira Gewirtz and for Plaintiff Anthony Pisano*

**RABIN & PECKEL LLP**

I. Stephen Rabin
Joseph V. McBride
275 Madison Avenue, Suite 420
New York, NY 10016
Telephone:  (212) 880-3722
Facsimile:  (212) 880-3716

*Counsel for Plaintiff Hans Menos*

**OF COUNSEL:**

**BRAGAR WEXLER & EAGEL, PC**
885 Third Avenue, Suite 3040
New York, NY 10022
Telephone:  (212) 308-5858
Facsimile:  (212) 486-0462

**SHALOV STONE BONNER & ROCCO LLP**

Ralph M. Stone
James P. Bonner
Thomas G. Ciarlone, Jr.
485 Seventh Avenue, Suite 1000
New York, NY 10018
Telephone:  (212) 239-4340
Facsimile:  (212) 239-4310

**JOHNSON & PERKINSON**

Dennis J. Johnson
Jacob B. Perkinson
James F. Conway, III
Eben F. Duval
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05043
Telephone:  (802) 862-0030
Facsimile:  (802) 862-0060

*Counsel for Plaintiff Scott Wetterson*

**PAUL, WEISS, RIFIKIND, WHARTON & GARRISON, LLP**

Lewis Richard Clayton
Brad Scott Karp
Douglas M. Pravda
1286 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3215
Facsimile:  (212) 373-2070
lclayton@paulweiss.com

*Counsel for Defendant The Bear Stearns Companies, Inc.*

**STULL STULL & BRODY**

Edwin J. Mills
6 East 45th Street, 5th Floor
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:  (212) 490-2022
ssbny@aol.com

*Counsel for Plaintiff Drew V. Lounsbury*

_____
              /s/
         Milo Silberstein

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY SKILES, et al,

    Plaintiffs,

v.                                  Case No. 05-71205

VISTEON CORP., et al                 HONORABLE AVERN COHN

    Defendants.

_____/

TIM OWENS, et al,

    Plaintiffs,

v.                                  Case No. 05-72042

VISTEON CORP., et al,                HONORABLE AVERN COHN

    Defendants.

_____/

ONIE MOORE, et al,

    Plaintiffs,

v.                                  Case No. 05-72344

VISTEON CORP., et al,                HONORABLE AVERN COHN

    Defendants.

_____/

## PRETRIAL ORDER No. 1

    The three captioned cases are each an action under ERISA brought by

participants in Visteon's retirement plan generally claiming breach of fiduciary duties by

defendants.

On July 1, 2005, the Court held a telephone conference with the parties.  The

following attorneys were on the call:

> For plaintiffs:
> Elwood Simon
> Cyrus Mehri
> Steve Wasinger
> Joe Wells
> Mark Gyandoh
> Michael Lieder
> Mark Amadeo
> Elizabeth Leland
> John Zuccarini
> Lisa Bornstein
>
> For defendants:
> John Hartman
> Michael Duffy
> Scott Seabolt
> Paul Ondrasik
> Tom McNeil

This Order memorializes the Court's rulings at the conference.

1.    Defendants' Motions to Transfer and Consolidate are DENIED.

2.    Plaintiffs' Motion to Consolidate is GRANTED.  The three cases are
      consolidated under case no. 05-71205 and shall be referred to collectively
      as In re Visteon Corp. ERISA Litigation.

3.    If plaintiffs are unable to agree on the appointment of lead counsel within 2
      weeks, the Court will entertain motions.  A hearing on the motions will be
      held on Tuesday, July 26, 2005 at 2:00 pm.

4.    Ten days following an agreement or decision on lead counsel plaintiffs
      shall file a consolidated amended complaint.

5.    Defendants shall agree on the appointment of a liaison counsel on or
      before July 26, 2005.

6.    The parties shall lodge the following with the Court on or before July 26, 2005:

    a.    A tabular list of defendants and their positions; if defendants can be grouped, list the groups

    b.    A tabular list of attorneys keyed, in the case of defendants, to the various defendants

    c.    A compendium of plan documents, indexed and tabbed with relevant portions highlighted. If the parties cannot agree on the relevant portions each party may highlight the relevant portions in different colors.

    d.    A chart of the management structure of the ERISA retirement plan(s).

    e.    A compendium of ERISA documents, including statutes, regulations, and other directives/documents, indexed and tabbed and appropriately highlighted

7.    Following the receipt of the above, including the filing of a consolidated amended complaint, the Court will hold a status conference to consider the entry of a case management order.

8.    The parties shall appear for a status conference on July 26, 2005 at 2:00pm which shall follow the hearing on the appointment of lead counsel for plaintiffs, if necessary.

9.    Any objections to this Order shall be filed within 5 days.

SO ORDERED.


                                   s/Avern Cohn
Dated: July 6, 2005                              AVERN COHN
                        UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 6, 2005, by electronic and/or ordinary mail.

                                   s/Julie Owens
                        Case Manager, (313) 234-5160

3

# EXHIBIT B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/8

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MARSH ERISA LITIGATION | ) ) ) ) MASTER FILE: 04 cv 8157 ) ) THIS DOCUMENT RELATES TO: All ) Actions ) |

RECEIVED
APR 2 8 2005
JUDGE S. W. KRAM
CHAMBERS

### STIPULATION AND ▮▮▮▮▮ SCHEDULING ORDER

Lead Plaintiffs, Carol Renzi, Donald Hundley, Conrad Simon, and Kristina Schatz (collectively, "Lead Plaintiffs") and Defendants Marsh & McLennan Companies, Inc., Patricia A. Agnello, Sandra S. Wijnberg, Sandra Wright, William L. Rosoff ("Marsh & McLennan Defendants"), Jeffrey W. Greenberg, and State Street Corporation (collectively, the "Defendants"), by and through their respective counsel, hereby stipulate and agree that:

1. The Marsh & McLennan Defendants and Defendant Greenberg will produce core ERISA documents on or before May 2, 2005: The core ERISA documents include, but are not limited to, "Plan documents and materials that describe the operation, administration, and management of the Plan; documents that identify the Plan fiduciaries and describe the scope of their fiduciary duties; and board or committee minutes and/or resolutions that pertain to the Plan . . . [which] show the appointment or removal of Plan fiduciaries or otherwise demonstrate the fiduciary function of the board or any committee." *See* Order dated February 8, 2005. To the extent that these defendants do not possess any such documents, such party shall so inform the other parties in writing on or before May 2, 2005.

2. Lead Plaintiffs shall filed a Consolidated Class Action Complaint (the "Consolidated Complaint") on or before June 15, 2005;

3. Defendants shall answer or otherwise respond to the Consolidated Complaint on or before August 15, 2005.

4. If Defendants move with respect to the Consolidated Complaint, they shall file a consolidated memorandum in support of their motion. In addition to joining the consolidated

- 1 -

memorandum, Defendant Jeffrey W. Greenberg shall be entitled to file a supplemental memorandum, and Defendant State Street shall be entitled to file a separate motion with supporting memorandum. Lead Plaintiffs shall file their oppositions to all Defendants' motions on or before September 30, 2005.

5    All Defendants shall file their replies to Lead Plaintiffs' oppositions on or before November 1, 2005.

6. The Court's page limitation on the parties' filings with regard to Defendants' motion to dismiss shall be modified as follows:

- fifty (50) pages for the Defendants' Memorandum in Support of Their Motion to Dismiss; ten (10) pages for Defendant Jeffrey W. Greenberg's Supplemental Memorandum in Support of Motion to Dismiss; fifty (50) pages for State Street's Memorandum in Support of Its Motion to Dismiss;

- fifty (50) pages for Plaintiffs' Opposition to Defendants' Motion to Dismiss, ten (10) pages for Plaintiffs' Opposition to Defendant Jeffrey W. Greenberg's Supplemental Memorandum in Support of Motion to Dismiss; fifty (50) pages for Plaintiffs' Opposition to State Street's Motion to Dismiss;

- twenty-five (25) pages for Defendants' Reply in Further Support of Their Motions to Dismiss, five (5) pages for Defendant Jeffrey W. Greenberg's Supplemental Reply in Further Support of Defendants' Motion to Dismiss; twenty-five (25) pages for State Street's Reply in Further Support of Its Motions to Dismiss.

7. The parties will further confer and propose to the Court a mutually agreeable schedule for discovery and briefing on issues related to class certification subsequent to the disposition of Defendants' Motion to Dismiss.

Dated: April 27, 2005.

By: ___/s/ Derek Loeser_____ ____
     Lynn Lincoln Sarko (LS-3700)
     Derek W. Loeser (DL-6712)
**KELLER ROHRBACK, L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900
*Lead Counsel for Plaintiffs*


By: ___/s/ William Sushon_____ ____
     Bradley J. Butwin (BB6421)
     William J. Sushon (WS9550)
**O'MELVENY & MYERS LLP**
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000
*Attorneys for Defendants Marsh & McLennan*
*Companies, Inc., Patricia A. Agnello, Sandra S.*
*Wijnberg, Sandra Wright, and William L. Rosoff*


By: ___/s/ Barry Sher_____ _____
     Barry G. Sher
**PAUL, HASTINGS, JANOFSKY & WALKER**
**LLP**
75 East 55th Street
New York, NY 10022
(212) 318-6000
BarrySher@paulhastings.com
*Attorneys for Defendant*
*State Street Corporation*


By: ___/s/ Michael Feldberg_____ ___
     Michael Feldberg (MF-3974)
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 610-6300
*Attorneys for Defendant*
*Jeffrey W. Greenberg*

SO ORDERED:

_____
Shirley Wohl Kram
United States District Judge

Date: _May 3, 2005_

## CERTIFICATE OF SERVICE

I hereby certify that on this date I filed electronically the above Stipulation and [Proposed] Scheduling Order with the Clerk of the U.S. District Court, Southern District of New York, and served true and correct copies on the following counsel of record via email transmission and regular U.S. Mail.

April 27, 2005.

/s/ Leslie Boston
Leslie Boston

**Counsel for Defendants:**

Bradley J. Butwin
William J. Sushon
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square Tower
New York, New York 10036
bbutwin@omm.com
wsushon@omm.com

Barry G. Sher
Lawrence Mehringer
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
75 East 55th Street
New York, NY 10022
barrysher@paulhastings.com
lawrencemehringer@paulhastings.com

Michael Feldberg
Andrew Matheson
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
michael.feldberg@newyork.allenovery.com
andrew.matheson@newyork.allenovery.com

**Counsel for Plaintiffs:**

Gary A. Gotto (GG-5640)
Ron Kilgard (RK-7139)
KELLER ROHRBACK L.L.P.
3101 N. Central Ave., Suite 900
Phoenix, AZ 85012-2600
Ggotto@kellerrohrback.com
Rkilgard@kellerrohrback.com

Jeffrey S. Abraham (JA-2946)
Jack Fruchter (JF-8435)
ABRAHAM FRUCHTER
& TWERSKY LLP
One Penn Plaza, Suite 2805
NY, NY 10119
jabraham@aftlaw.com
jfruchter@aftlaw.com

Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
WECHSLER HARWOOD HALEBIAN &
FEFFER LLP
488 Madison Avenue, 8th Floor
New York, NY 10022
rharwood@whesq.com
srosen@whesq.com

Lee Squitieri (SF-8119)
Stephen J. Fearon, Jr. (SF-8119)
SQUITIERI & FEARON, LLP
32 East 57th Street, 12th Floor
New York, NY 10022
lee@sfclasslaw.com
stephen@sfclasslaw.com

- 5 -

Joseph H. Meltzer
Richard S. Schiffrin
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, PA 19087
jmeltzer@sbclasslaw.com
rschiffrin@sbclasslaw.com

Christopher J. Keller, Esq. (CK-2347)
Jonathan M. Plasse (JP-7515)
GOODKIND LABATON RUDOFF &
SUCHAROW L.L.P.
100 Park Avenue, 12th Floor
New York, NY 10017
ckeller@glrslaw.com
jplasse@glrslaw.com

Leigh R. Lasky
LASKY & RIFKIND, LTD.
351 W. Hubbard, Suite 406
Chicago, IL 60610
Lasky@Laskyrifkind.com

Robert A. Izard
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
rizard@snlaw.net

Jacqueline Sailer (JS-9020)
Eric J. Belfi (EB-8895)
Aaron Patton (AP-6334)
MURRAY, FRANK & SAILER LLP
275 Madison Avenue, Suite 801
New York, NY 10016
jsailer@murrayfrank.com
ebelfi@murrayfrank.com
info@murrayfrank.com

David R. Scott
Neil Rothstein
SCOTT + SCOTT, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
drscott@scott-scott.com
nrothstein@scott-scott.com

Scott E. Poynter
EMERSON POYNTER LLP
2228 Cottondale Lane, Suite 100
Little Rock, AR 72202
scott@emersonfirm.com

Kenneth A. Wexler
THE WEXLER FIRM
One North LaSalle Street, Suite 2000
Chicago, IL 60602
kawexler@wexlerlaw.com

Samuel H. Rudman (SR-7957)
Robert M. Rothman (RR-6090)
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747-4806
SRudman@lerachlaw.com
RRothman@lerachlaw.com

Nancy Juda (NJ-6275)
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
1100 Connecticut Avenue N.W., Suite 730
Washington, D.C. 20036
nancyj@lerachlaw.com

Christopher A. Seeger
SEEGER WEISS LLP
One William Street
New York, NY 10004-2502
cseeger@seegerweiss.com

Jayne A. Goldstein
Michael J. Kane
MAGER WHITE & GOLDSTEIN, LLP
One Pitcairn Place, Suite 2400
165 Township Line
Jenkintown, PA 19046
jgoldstein@mwg-law.com
mkane@mwg-law.com

Linda P. Nussbaum, Esq. (LN-9336)
Catherine A. Torell (CT-0905)
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022-7519
lnussbaum@cmht.com
ctorell@cmht.com

Geoffrey M. Johnson
SCOTT + SCOTT LLC
33 River Street
Chagrin Falls, OH 44022
gjohnson@scott-scott.com

Aaron L. Brody
Edwin J. Mills
STULL, STULL, & BRODY
6 East 45th Street
New York, NY 10017
ssbny@aol.com

Christopher Scott Hinton
Marc C. Rifkin
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
270 Madison Avenue
New York, NY 10016
hinton@whafh.com
rifkin@whafh.com

Steven J. Toll
R. Joseph Barton
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
1100 New York Avenue NW
West Tower, Suite 500
Washington, D.C. 20005-3964
stoll@cmht.com
rbarton@cmht.com

Marc I. Machiz
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
1 S. Broad Street, Suite 1850
Philadelphia, PA 19107
mmachiz@cmht.com

Laurence D. Paskowitz
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, NY 10165
classattorney@aol.com

Bruce G. Murphy
LAW OFFICES OF BRUCE G. MURPHY
265 Lloyds Lane
Vero Beach, FL 32963
brucemurphy@webtv.net

## Motions

1:04-cv-08157-SWK Walsh v. Marsh & McLennan Companies, Inc. et al

### U.S. District Court

### Southern District of New York

Notice of Electronic Filing

The following transaction was received from Loeser, Derek W. entered on 4/27/2005 at 1:29 PM EDT and filed on 4/27/2005

**Case Name:**      Walsh v. Marsh & McLennan Companies, Inc. et al
**Case Number:**    1:04-cv-8157
**Filer:**          Frank J. Tasco
                    Norman Barham
                    Ray J. Groves
                    Frank J. Borelli
                    Sandra Wright
                    Marsh & McLennan Companies, Inc.
                    Peter Coster
                    Charles A. Davis
                    A.J.C. Smith
                    J.W. Greenberg
                    William L. Rosoff
                    Marsh & McLennan Companies, Inc. Stock Investment Plan Committee
                    Sandra S. Wijnberg
                    John T. Sinnott
                    Marsh & McLennan Companies, Inc. Benefits Administration Committee
                    Barbara C. Walsh
                    Mathis Cabiallevetta
                    Rita Malavotte
                    Jim Smietana
                    Charles Tooley

**Document Number:** 22

**Docket Text:**
MOTION Stipulated/Proposed Scheduling Order re Consolidated Complaint. Document filed by Ray J. Groves, A.J.C. Smith, Peter Coster, John T. Sinnott, Frank J. Tasco, Mathis Cabiallevetta, Charles A. Davis, Marsh & McLennan Companies, Inc. Benefits Administration Committee, Marsh & McLennan Companies, Inc. Stock Investment Plan Committee, Sandra S. Wijnberg, Barbara C. Walsh, Rita Malavotte, Jim Smietana, Charles Tooley, Marsh & McLennan Companies, Inc., J.W. Greenberg, Sandra Wright, William L. Rosoff, Norman Barham, Frank J. Borelli. (Loeser, Derek)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=4/27/2005] [FileNumber=1230532-0
] [59b3745d8d9a595aee4d7382d98466c2412bade83cfd4a171ef68ea3249694fd6ca
db1a9b43d0c93e741af23d17198547c97ef8f0e8628a684e39fbf25fffe71]]

**1:04-cv-8157 Notice will be electronically mailed to:**

Eric James Belfi    ebelfi@murrayfrank.com

Michael Svetkey Feldberg    michael.feldberg@newyork.allenovery.com,
todd.fishman@newyork.allenovery.com;kurt.vellek@newyork.allenovery.com;andrew.matheson@newyork.allenovery.com

Robert Ira Harwood    rharwood@whesq.com, tsavchuk@whesq.com

Christopher J. Keller    ckeller@glrslaw.com, ElectronicCaseFiling@glrslaw.com

Mark C. Rifkin    rifkin@whafh.com

**1:04-cv-8157 Notice will be delivered by other means to:**

# EXHIBIT C

LAW OFFICES
OF
CURTIS V. TRINKO, LLP

16 WEST 46TH STREET
7TH FLOOR
NEW YORK, NEW YORK 10036

TELEPHONE (212) 490-9550

FAX NO. (212) 986-0158
EMAIL: CTRINKO@TRINKO.COM

March 9, 2004

**By Regular Mail**

TO ALL COUNSEL ON
ANNEXED SERVICE LIST:

**Re: In re Polaroid ERISA Litigation
Master File No. 03 CV 8335 (WHP)**

Dear Counsel:

Annexed is a copy of Pretrial Order No. 1, as ordered by Judge Pauley on March 5, 2004. There were no judicially-made revisions to the proposed Pretrial Order that we submitted to the Court on March 1, 2004.

As per Paragraph 13 of the aforesaid Pretrial Order No. 1, we will need the various defense firms to confer and appoint a Defendants' Liaison Counsel. As you will note, the Court directed service of documents to be made pursuant to the Manual for Complex Litigation, which is reflected in Paragraph 13. Please let me know as soon as possible the identity of Defendants' Liaison Counsel.

Sincerely,

Curtis V. Trinko

CVT/ld

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CORREIA, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan,<br><br>             Plaintiff,<br><br>     v.<br><br>GARY DICAMILLO, CARL LUEDERS, DONALD HALSTED, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, JOHN W. LOOSE, ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, MELLON BANK, N.A. BOSTON SAFE DEPOSIT AND TRUST COMPANY and DOES 1-100,<br><br>             Defendants. | Case No. 03 CV 8335 (WHP) |
| JOHN HUDSON, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan,<br><br>             Plaintiff,<br><br>     v.<br><br>BOSTON SAFE DEPOSIT AND TRUST COMPANY, GARY DICAMILLO, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, DONALD HALSTED, JOHN W. LOOSE, CARL LUEDERS, , MELLON BANK, N.A., ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, and DOES 1-100,<br><br>             Defendants. | Case No. 03 CV 8976 (WHP) |

OTIS D. POWERS and BRADWORD W.
PIRES, on behalf of themselves and all other
similarly situated and on behalf of the Polaroid
Retirement Savings Plan,

                              Plaintiffs,

    v.

GARY DICAMILLO, WILLIAM L.
FLAHERTY, JOHN W. LOOSE, ALBIN F.
MOSCHNER, RALPH Z. SORENSON,
BERNEE D.L. STROM, ALFRED M. ZEIEN,
and DOES 1-30,

                            Defendants.

Case No. 04 CV 0282 (WHP)

## [PROPOSED] PRETRIAL ORDER NO. 1

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of ERISA involving the Polaroid Retirement Savings Plan (the "Plan"), a retirement plan established and sponsored by Polaroid Corporation ("Polaroid" or the "Company") as a benefit for its employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, formal consolidation of the ERISA actions for pretrial purposes and appointment of Liaison Counsel and Co-Lead Counsel is appropriate as consistent with the recommendations of the *Manual for Complex Litigation –Fourth* (2003);

WHEREFORE, the Court hereby Orders as follows:

## I.    CONSOLIDATION OF RELATED ACTIONS

1. a).    Certain Defendants are not willing to stipulate at this time to consolidation of the actions for trial, but have stipulated to consolidation for pretrial purposes only. Therefore, at this time the above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated for pretrial purposes only ("Consolidated Action"). They shall be referred to collectively as *In re Polaroid ERISA Litigation*, Master File No. 03 CV 8335 (WHP).   This order does not constitute a determination as to whether or not these actions should be consolidated for trial pursuant to Fed. R. Civ. P. 42(a), although the Court will determine later in these proceedings whether such consolidation would be appropriate.

b).    All Defendants shall provide a separate statement to the Court on or before June 1, 2004 as to whether they consent to the consolidation of these actions for all purposes, or whether the issue of such further consolidation will be submitted for judicial determination.

## II.    CAPTION OF CASES

2.    Every pleading filed in the Consolidated Action shall bear the following caption:

<div align="center">

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

</div>

| | |
|---|---|
| IN RE POLAROID ERISA ) <br> LITIGATION ) | MASTER FILE: 03 CV 8335 (WHP) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |

3.    When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III.    MASTER DOCKET

4.    A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order.  Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5.    When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed nor other docket entries made.

6.    When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action.  The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## IV.    MASTER FILE AND SEPARATE ACTION FILES

7.    A Master File is hereby established for the consolidated proceedings in the Consolidated Action.  The Master File shall be Civil Action No. 03 CV 8335 (WHP).  The original of this Order shall be filed by the Clerk in the Master File herein established.  The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.  The Clerk shall file a copy of this Order in each such separate file.  The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

## V.    NEWLY FILED OR TRANSFERRED ACTIONS

8.    When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above and thereafter, the Clerk of this Court shall:

(a)    File a copy of this Order in the separate file for such action;

(b)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)    Make the appropriate entry in the Master Docket.


9.    The Law Offices of Curtis V. Trinko, LLP shall assist the Clerk by calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

- 3 -

## VI.    APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

10.    This Order shall apply to each proposed class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Polaroid Retirement Savings Plan. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

11.    Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have sixty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII.    ORGANIZATION OF COUNSEL

12.    The Court designates the following to act as Co-Lead Counsel and as Liaison Counsel for plaintiffs in the Consolidated Action, with the responsibilities hereinafter described:

a.    As Co-Lead Counsel for Plaintiffs

> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, Washington 98101
> Telephone: (206) 623-1900
> Facsimile: (206) 623-3384
>
> Schiffrin & Barroway, L.L.P.
> Three Bala Plaza East, Suite 400
> Bala Cynwyd, PA 190004
> Telephone: (610) 667-7706
> Facsimile: (610) 667-7056

- 4 -

b.    As Liaison Counsel

Laws Offices of Curtis V. Trinko, L.L.P.
16 West 46th Street, 7th Floor
New York, NY 10036
Telephone: (212) 490-9550
Facsimile: (212) 986-0158

13.    Liaison Counsel in the Consolidated Action is charged with administrative

matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and

advising parties of developments in the case.

a).  The service of documents will be made pursuant to the Manuel for Complex

*Litigation -- Fourth (2003).*

1.    Orders.  A copy of each order will be provided to Plaintiffs' Liaison
Counsel and Defendants' Liaison Counsel for distribution as
appropriate to other counsel and parties.

2.    Pleadings, Motions, and Other Documents.  Plaintiffs' Liaison
Counsel will be provided with four (4) copies of each pleading,
motion, or other document filed by a party; Defendants' Liaison
Counsel will be provided with six (6) copies of each such document.
Pursuant to Fed. R. Civ. P. 5, service on liaison counsel constitutes
service on other attorneys and parties for whom liaison counsel is
acting. Such service shall deemed effective seven days after service on
liaison counsel.

14.    Co-Lead Counsel shall have authority over the following matters on behalf of all

plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiating,

responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order,

and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel

as they may deem appropriate; (e) retaining plaintiffs' experts; (f) proposing selection of Named Plaintiffs for inclusion in any and all Consolidated Amended Complaint(s); (g) designating which attorneys may appear at hearings and conferences with the Court; (h) conducting settlement negotiations with defendants; and (i) other matters concerning the prosecution of or resolution of their respective cases.

15.     Co-Lead Counsel shall have authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs. Defendants' counsel may rely on all agreements made with any one of the Co-Lead Counsel, and such agreements shall be binding.

## VIII.   COORDINATION

16.     Co-Lead Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

## IX.     SCOPE OF ORDER

17. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

## X.     PRELIMINARY SCHEDULE OF PROCEEDINGS

18. Each party who has not already done so shall make available for inspection and copying all Plan-related documents in their possession on or before March 15, 2004:  such production shall include those documents under which the Plan is established or operated, and shall also include all Board Minutes and/or Resolutions concerning the appointment, duties and responsibilities of Plan fiduciaries during the Class Period. Such Board Minutes and Resolutions

can be redacted for any non-fiduciary matters.].  To the extent any party does not possess any such documents, such party shall so inform the other parties in writing on or before March 15, 2004.

19. When a production is made, the producing party shall notify all other parties of the production, and make copies of the production available to requesting parties at the requesting parties' reasonable expense for copying and delivery.

20. Subject to the Court's approval, Plaintiffs will not seek other discovery from Defendants without leave of Court and for good cause shown until after motions to dismiss filed by the Defendants per the schedule set forth below are resolved by the Court.

21. All parties shall be notified of any third-party production of documents, which also shall be made available to any party requesting copies of such documents at the requesting parties' expense for copying and delivery.

22. Plaintiffs shall file a Consolidated ERISA complaint on or before April 15, 2004. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.  Pending filing and service of the consolidated complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them.

23. Defendants shall answer or otherwise respond to the Consolidated ERISA Complaint on or before June 1, 2004.  If the Defendants move to dismiss they should do so in a single consolidated motion and memorandum.  Plaintiffs shall serve their opposition to any motions brought by Defendants on or before July 12, 2004, and Defendants shall serve their single, consolidated reply,  if any,  on or before July 26, 2004.

  a).  The Court's page limitations on the parties' filings with regard to Defendants' motions to dismiss shall be extended to fifty (50) pages for the Defendants' Consolidated Memorandum In Support Of Their Motions To Dismiss; fifty (50)

pages for Plaintiffs' Memorandum In Opposition To Defendants' Motions To Dismiss; and twenty-five (25) pages for Defendants' Consolidated Reply In Further Support Of Their Motions To Dismiss.

b).    Oral Argument with regard to Defendants' Motions to Dismiss is scheduled for 11:00 A.M. on September 17, 2004 in Courtroom 11D, 500 Pearl Street, New York, New York.  The court has scheduled one and one-half (1 ½ ) hours for this oral argument.

24. The parties will further confer and propose to the Court a mutually agreeable schedule for discovery and briefing on issues related to class certification subsequent to the disposition of Defendants' Motions To Dismiss.

SO ORDERED: 3|5|04

WILLIAM H. PAULEY III U.S.D.J.

- 8 -

## SERVICE LIST
## IN RE POLAROID ERISA LITIGATION

**PLAINTIFFS:**

Joseph H. Meltzer, Esq.
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004

**Proposed Lead Counsel For Plaintiffs and the Class**

Lynn Lincoln Sarko, Esq.
Derek W. Loeser, Esq.
Cari Campen Laufenberg, Esq.
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

**Proposed Co-Lead Counsel For Plaintiffs and the Class**

Evan J. Smith, Esq.
Brodsky & Smith, LLC
240 Mineola Boulevard
Mineola, New York 11501

**Assisting Counsel For Plaintiffs and the Class**

**DEFENDANTS:**

Emily Frug Klineman, Esq.
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

**Attorney for Defendant Gary DiCamillo**

Karen McCarthy, Esq.
McCarthy & Gordon, LLC
701 Washington Street, Suite 100
Newton, Massachusetts 02458

**Attorney for Defendant Carl Lueders**

Eric Mogilnicki
David P. Donovan
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, DC 20037

**Attorneys for Defendant Donald Halsted**

Martha Dye, Esq.
O'Melveny & Myers, LLP
1625 I Street, N.W.
Washington, DC 20006

**Attorney for Defendant William L. Flaherty**

John G. Fabiano, Esq.
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

**Attorney for Defendants John W. Loose, Albin F. Moshner,
Ralph Z. Sorenson, Bernee D. L. Strom, and Alfred M. Zein**

Gus P. Coldebella
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
Tel: (617) 570-1780
Fax: (617) 532-1231

**Attorney for Defendant Judith Boynton**

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110-1844

**Attorney for Defendant Merganser Capital Management Corporation**

Christa D. Haas, Esq.
Edward A. Scallet, Esq
Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5881

**Attorney for Defendants Mellon Bank, N.A. and
Boston Safe Deposit and Trust Company**

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| THEODORE NOWAK and GARY BROCKWAY, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | **Consolidated Cases** **Master Case No. 06-cv-11718** |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **Honorable Paul V. Gadola** |
| FORD MOTOR COMPANY, MICKEY POLI-BARTLETT, WILLIAM CLAY FORD, JR., JOSEPH W. LAYMON, DONAT R. LECLAIR, DAVID G. LEITCH, ROMAN J. KRYGIER, and JOHN DOES 1-20. | ) ) ) ) ) ) ) | **Magistrate Steven D. Pepe** |
| Defendants. | ) | |

## STIPULATED SCHEDULING ORDER

Lead Plaintiffs Mark Ousachi and David Cooper and Defendants, by and through their respective counsel, hereby stipulate and agree that:

1. On or before March 28, 2007, Defendants will produce the Plan Documents for the Ford Motor Company Savings and Stock Investment Plans for Salaried Employees and the Ford Motor Company Tax-Efficient Savings Plans for Hourly Employees (collectively, the "Plans") applicable from April 15, 2000 to the present, excluding those documents already produced pursuant to ERISA § 104(b)(4). In addition, Defendants will produce current Investment Guides for the Plans, the Plans' current Investment Policy Guidelines, and the Plans' Summary of Material Modifications that were published subsequent to the ERISA § 104(b)(4) production. Furthermore, Defendants will provide a list of individuals who served on the Investment Process Committee, the Investment Process Oversight Committee, and the Administration Committee, as well as the persons who appointed those individuals to the committees. Defendants also will provide the identity of any Ford Stock Manager, as defined in the Plans. This list will cover the time period from April 15, 2000 to the present. In lieu of the above referenced list, Defendants

may produce Plan Documents and information from which all of the same information can readily be determined by Plaintiffs.

 2. Lead Plaintiffs shall filed a Consolidated Class Action Complaint (the "Consolidated Complaint") on or before April 30, 2007;

 3. Defendants shall answer or otherwise respond to the Consolidated Complaint on or before June 29, 2007;

 4. If Defendants move to dismiss the Consolidated Complaint, they shall do so in a single consolidated pleading not to exceed 40 pages; Lead Plaintiffs shall file a single opposition to Defendants' motion not to exceed 40 pages on or before August 14, 2007;

 5. Defendants shall file a single consolidated reply to Lead Plaintiffs' opposition not to exceed 20 pages on or before September 14, 2007;

 6. The parties will further confer and propose to the Court a mutually agreeable schedule for discovery and briefing on issues related to class certification depending on the disposition of Defendants' Motion to Dismiss.

<div style="margin-left:40%">

  /s/ Stephen Wasinger
Stephen Wasinger (P-25963)
**STEPHEN F. WASINGER PLC**
300 Balmoral Centre
32121 Woodward Avenue
Royal Oak, MI 48073-0999
Telephone: (248) 554-6306
Facsimile: (248) 554-9400
sfw@sfwlaw.com

**Liaison Counsel for Plaintiffs**

</div>

**KELLER ROHRBACK L.L.P.**

By:    /s/ Lynn L. Sarko
Lynn L. Sarko
Derek W. Loeser
Elizabeth A. Leland
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
lsarko@kellerrohrback.com

**SCHIFFRIN BARROWAY TOPAZ**
**& KESSLER, LLP**

By:    /s/ Joseph H. Meltzer
Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmeltzer@sbtklaw.com
eciolko@sbtklaw.com
mgyandoh@sbtklaw.com

**Co-Lead Counsel for Plaintiffs**

By:    /s/ Gary S. Tell
Gary S. Tell
Robert N. Eccles
O'MELVENY & MYERS, LLP
1625 Eye St., NW
Washington, DC 20006-4001
Telephone:  202-383-5315
Facsimile:  202-383-5414
gtell@omm.com
beccles@omm.com

**Attorneys for Defendants**

By:    /s/ Kathleen A. Lang
Kathleen A. Lang (P-34695)
Michelle Thurber Czapski (P-47267)
DICKINSON WRIGHT, PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
Telephone: 313-223-3500
Facsimile: 313-223-3771
klang@dickinsonwright.com
mczapski@dickinsonwright.com

**Attorneys for Defendants**

IT IS SO ORDERED.

s/Paul V. Gadola

Honorable Paul V. Gadola

United Stated District Court Judge

Dated: _____ March 27, 2007 _____