## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HOWARD, individually and on behalf of all others similarly situated,      ) <br><br> ) <br> ) <br> Plaintiff,      ) <br> ) <br> v.      ) <br> ) <br> THE BEAR STEARNS COMPANIES INC., THE    ) <br> BEAR STEARNS COMPANIES INC.    ) <br> EXECUTIVE COMMITTEE, JAMES E. CAYNE,    ) <br> ALAN D. SCHWARTZ, WARREN J. SPECTOR,    ) <br> SAMUEL L. MOLINARO, JR., ALAN C.    ) <br> GREENBERG and JOHN DOES 1-10,    ) <br> ) <br> Defendants.    ) | Case No. 08-CV-2804 (RWS) |

*[additional captions follow]*

**PLAINTIFFS AARON HOWARD AND SHELDEN
GREENBERG'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION
TO: CONSOLIDATE ERISA ACTIONS; APPOINT INTERIM LEAD PLAINTIFFS,
INTERIM CO-LEAD CLASS COUNSEL AND INTERIM LIAISON COUNSEL; AND
FOR ENTRY OF PRETRIAL ORDER NO. 1. AND IN RESPONSE TO THE *WEBER*
<u>PLAINTIFFS' OPPOSITION TO SAME</u>**

| | |
|---|---|
| ESTELLE WEBER, individually, on behalf of the Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., CUSTODIAL TRUST COMPANY, JAMES CAYNE, ALAN SCHWARTZ, WARREN SPECTOR, SAMUEL MOLINARO, ALAN GREENBERG, and JOHN DOES 1-20,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 08-CV-2870 (RWS) |
| ANTHONY PISANO, individually and on behalf of all others similarly situated.<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 08-CV-3006 (UA) |

| | |
|---|---|
| HANS MENOS, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>          Defendants. | Case No. 08-CV-3035 (RWS) |
| IRA GEWIRTZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>          Defendants. | Case No. 08-CV-3089 (RWS) |

| | |
|---|---|
| DREW V. LOUNSBURY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE BEAR STEARNS COMPANIES INC. JAMES E. CAYNE; ALAN C. GREENBERG; ALAN D. SCHWARTZ; PAUL A. NOVELLY; FRANK T. NICKELL; FREDERIC V. SALERNO; VINCENT TESE; and JOHN AND JANE DOES 1-10,<br><br>    Defendants. | Case No. 08-CV-3326 (RWS) |
| SHELDEN GREENBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE BEAR STEARNS COMPANIES INC. JAMES E. CAYNE; ALAN C. GREENBERG; JEFFREY MAYER; SAMUEL L. MOLINARO, JR., ALAN D. SCHWARTZ; WARREN J. SPECTOR; and JOHN AND JANE DOES 1-10,<br><br>    Defendants. | Case No. 08-CV-3334 (RWS) |

| | |
|---|---|
| SCOTT WETTERSTEN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      vs.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>               Defendants. | )<br>)<br>)  Case No. 08-CV-3351 (RWS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| RITA RUSIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>               Defendants. | )<br>)<br>)  Case No. 08-CV-3441 (RWS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| LAWRENCE FINK, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | )<br>)<br>)  Case No. 08-CV-3602 (UA)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiffs Aaron Howard and Shelden Greenberg ("*Howard* Plaintiffs"), respectfully submit this reply in response to the *Weber* Plaintiffs' Opposition to the *Howard* Plaintiffs' Motion for Appointment of Lead Counsel and *Lounsbury* Plaintiff's Motion for Appointment of Lead Counsel ("*Weber* Opposition").[1]

## PRELIMINARY STATEMENT

As the prior submissions of Keller Rohrback L.L.P. ("Keller Rohrback") and Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") establish, Keller Rohrback and SBTK have unmatched experience and expertise in ERISA class action company stock cases of this type.[2]

While counsel for the *Weber* Plaintiffs are fine attorneys and have accomplishments in complex litigation, including some in the ERISA field, they cannot genuinely contend that they possess the same level of directly relevant experience and expertise in this area of law. The *Weber* Plaintiffs implicitly concede this fact by their citation to *In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265 (S.D.N.Y. 2007) ("*J.P. Morgan*")or the general and unexceptional proposition that no single FED. R. CIV. P. 23(g)(1)(c) or other factor, is dispositive in evaluating prospective interim class counsel. This general proposition, of course, does not take away from the fact that, especially in this specialized and evolving area of the law, directly relevant experience and expertise is the *most important* factor for the Court to consider. Notably,

---

[1] The *Weber* Plaintiffs propose Wolf Popper LLP ("Wolf Popper") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Interim Co-Lead Counsel.

[2] *See* Notice of Motion by Plaintiffs Aaron Howard and Shelden Greenberg to: Consolidate ERISA Actions; Appoint Interim Lead Plaintiffs, Interim Co-Lead Counsel and Interim Liaison Counsel; and for Entry of Pretrial Order No. 1, and accompanying Memorandum of Law ("*Howard* Plaintiffs' Brief"), filed with the Court on April 8, 2008; Plaintiffs Aaron Howard and Shelden Greenberg's Memorandum in Partial Opposition to the *Weber* Plaintiffs' Motion for (1) Consolidation, (2) Appointment of Lead Plaintiffs and Leadership Structure and (3) Entry of [Proposed] Pretrial Order No. 1, filed with the Court on April 15, 2008 ("*Howard* Plaintiffs' Opposition"); Plaintiffs Aaron Howard and Shelden Greenberg's Reply to Plaintiff Drew V. Lounsburys' Response to the Motions of *Weber* and *Howard* Plaintiffs for Consolidation of all Related ERISA Cases and Other Relief, filed with the Court on April 21, 2008 ("*Howard* Plaintiffs' Reply"); and Plaintiffs Aaron Howard's and Sheldon Greenberg's Memorandum in Partial Opposition to Plaintiff Lounsbury's Motion for Consolidation and Appointment of Lead Plaintiff and Interim Class Counsel, filed with the Court on April 28, 2008.

SBTK and Keller Rohrback were among the interim class counsel appointed in *J.P. Morgan* which is a cutting edge ERISA action.

Moreover, the arguments raised by Wolf Popper and Hagens Berman – that they have more class action trial experience, that they should be appointed lead counsel because their clients purportedly have the largest losses, and that the leadership structure proposed by the *Howard* Plaintiffs would be inefficient—are all without merit, and, thus, fail to present any basis for deviating from the selection of counsel with superior knowledge of ERISA law, experience in cases of this type, financial resources and a track record of success both individually and working together as a team.  Accordingly, the *Howard* Plaintiffs respectfully submit that the motion for appointment of Keller Rohrback and SBTK as Interim Co-Lead Counsel should be granted.

## ARGUMENT

### A.    The Four Factors of Rule 23(g) Support Appointment of Keller Rohrback and SBTK as Interim Co-lead Counsel.

The *Howard* Plaintiffs propose that Keller Rohrback and SBTK serve as Interim Co-Lead Class Counsel.  In this capacity, they will lead this case, direct and control the efforts of other counsel who are involved, and, as they have done in many similar cases, ensure that the litigation is conducted efficiently and effectively.  *See, e.g., In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 WL 2338151, at *10 (S.D.N.Y. Oct. 18, 2004) (J. Cote) (finding that Keller Rohrback "performed an important public service in this action and has done so efficiently and with integrity."); *In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master dated August 7, 2007 at 7 (Recognizing SBTK and other Co-Lead Counsel for vigorously championing the rights of class

members to help recover a greater than expected monetary award $100 million settlement on behalf of the AOL Time Warner retirement plans).

While other firms have litigated a few such cases, numerous Keller Rohrback and SBTK attorneys dedicate their practices to this area of law, and are widely regarded as experts in this field.[3]  Moreover, Keller Rohrback and SBTK have an unmatched record of success in ERISA breach of fiduciary duty company stock cases, having obtained hundreds of millions of dollars on behalf of employees and retirees in, among other similar cases, *WorldCom*, *Global Crossing*, and *Polaroid*.  *Howard* Counsel's prior experience as lead counsel in similar cases will provide an obvious benefit to the class.  Thus, *Howard* Counsel respectfully submit that Bear Stearns employees and retirees would be best served by the appointment of *Howard* Counsel as lead counsel in this case.

As the papers pile up in this leadership contest, it is ever more clear that the Court's task in selecting lead counsel is an unenviable one.  Competing groups of counsel each claim they can do the job better, and seek to put their best foot forward.  The Court must then decide who is "***best*** able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2)(B) (emphasis added).  The Court is not without guidance, however.  Rule 23 articulates four factors the Court must consider in making this qualitative judgment:

(i)     the work counsel has done in identifying or investigating potential claims in the action,

(ii)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

(iii)   counsel's knowledge of the applicable law, and

(iv)    the resources counsel will commit to representing the class.

---

[3]  For example, Lynn L. Sarko and Derek W. Loeser of Keller Rohrback frequently appear as faculty at national CLEs and other training programs addressing ERISA breach of fiduciary duty class actions.  *See Howard* Plaintiffs' Opposition at 8 & n.7.

FED. R. CIV. P. 23(g)(1)(C).

These four factors and the record before the Court support appointment of the *Howard* Plaintiffs as Interim Lead Plaintiffs, the appointment of their attorneys, Keller Rohrback and SBTK, as Interim Co-Lead Class Counsel, and the appointment of Dealy & Silberstein, LLP ("DS") as Interim Liaison Counsel.

### B.    Keller Rohrback and SBTK Have the Most Comprehensive ERISA Experience and Expertise to Offer the Class.

As the *Howard* Plaintiffs previously set forth in detail, each of the four factors delineated in Federal Rule 23(g) supports appointment of Keller Rohrback and SBTK as Interim Co-Lead Counsel in this case. [4]

Federal Rule 23(g)(2)(B) states: "If more than one adequate applicant seeks appointment as counsel, the court must appoint the applicant best able to represent the interests of the class." The conventional wisdom that experience is the most important factor when selecting lead counsel applies with particular force in a complex case of this sort in which the law is rapidly developing. *See, e.g., Nowak v. Ford Motor Co.,* 240 F.R.D. 355, 361 (E.D. Mich. 2006) (appointing Keller Rohrback and SBTK as co-lead counsel); *In re Terzaosin Hydrochloride,* 220 F.R.D. 672, 702 (S.D. Fla. 2004) (the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field") (cited in *Nowak,* 240 F.R.D. at 361).

As set forth at length in prior papers, Keller Rohrback and SBTK have significantly more experience in ERISA company stock litigation than any other firm seeking a leadership role, and have devoted substantial resources and time to developing unparalleled expertise in this area of law as well as investigating and prosecuting the instant matter.  Indeed, both Keller Rohrback

---

[4] *See* Note 2 *supra.*

and SBTK are recognized nationally for the results they have achieved in litigating cases of this same type.

**C.    The Arguments Made by Counsel for the *Weber* Plaintiffs' Against Appointing Keller Rohrback and SBTK Are Without Merit.**

In the *Weber* Opposition, the *Weber* Plaintiffs primarily argue that Wolf Popper and Hagens Berman should be appointed Interim Co-Lead Counsel over the more experienced team of SBTK and Keller Rohrback because: (1) the *Weber* counsel have more class action trial experience than competing counsel; (2) the *Weber* Plaintiffs have more losses than other proposed class representatives; and, (3) the *Howard* Plaintiffs' proposed structure is inefficient.[5] These arguments each are without merit.

**1.    Counsel for the *Howard* Plaintiffs Have Ample Trial Experience.**

While Keller Rohrback attorneys have extensive trial experience in cases such as *In re the EXXON VALDEZ*, No. 89-00095 (D. Alaska), as well as trial experience in numerous Employee Stock Ownership Plan ("ESOP") cases including: *Henry, et al. v. Champlain Enterprise, et al.*, No. 01-01681 (N.D.N.Y.); *Mohler, et al. v. Unger, et al.*, No. 90-00284 (S.D. Ohio); *Shepard, et al. v. Peter B Dorsa, et al.*, No. 95-08748 (C.D. Cal.); and *Roberts, et al. v. Taussig, et al.*, No. 98-01441 (N.D. Ohio). Of course, the relevant inquiry is not the number of

---

[5] Interestingly, the *Weber* Plaintiffs again raise the argument that they have the support of numerous plaintiffs. However, it was noted in the *Howard* Plaintiffs' Opposition that this is an irrelevant factor in a situation such as here where one proposed Class Counsel has clearly superior experience. The *Weber* Plaintiffs simply respectfully disagree with the *Howard* Plaintiffs on this issue without more. Moreover, although several plaintiffs claim to support the *Weber* Plaintiffs, many of these plaintiffs are represented by a single firm that filed multiple complaints, *i.e.*, a firm that has sought to "pack the bench." Further, the *Weber* Plaintiffs' claim that they are the preferred counsel because of work done thus far to advance the litigation is unsupportable. *Weber* Opposition at 12. As noted in the *Howard* Plaintiffs' Brief, their counsel has, in addition to taking similar actions that the *Weber* Plaintiffs' counsel have taken regarding the request and receipt of Plan documents and requests to preserve documents, (1) SBTK mailed a letter to Bear Stearns' putative acquirer, J.P.Morgan Chase & Co ("J.P. Morgan") to preserve all relevant documents regarding the acquisition of Bear Stearns and (2) SBTK requested that Bear Stearns' legal department produce to Plaintiff Howard, or copy and separately preserve, all relevant documents and communications produced in the pending "acquisition cases" filed against the Company regarding the terms of its proposed acquisition by J.P. Morgan. *See Howard* Plaintiffs' Brief at 10. The *Weber* Plaintiffs' counsel have not indicated that they have taken this same action. Moreover, in response to the *Howard* Plaintiffs' counsel request for Plan documents pursuant to ERISA § 104(b)(4), Bear Stearns produced documents on April 25, 2008.

cases that have been pushed to trial, but the success counsel have had in obtaining recoveries for their clients. Here Keller Rohrback's experience is unmatched, having recovered in excess of $750 million for retirees and employees in cases of this exact type, often while working alongside SBTK. This success demonstrates *Howard* counsel's knowledge and experience in this area of law, and ability to prosecute claims of this type successfully

Further, a number of SBTK attorneys, including Joseph Meltzer, have trial experience and have litigated an array of cases through trials and binding arbitrations. The *Weber* Plaintiffs' intimation that their choice of interim class counsel is superior because of courtroom experience should be afforded no weight.[6]

### 2.    In an ERISA Action Seeking Plan Losses Under §502(a)(2), the Largest Loss Analysis Under The PSLRA Does Not Apply.

While the *Howard* Plaintiffs include persons who suffered large losses, and whose financial stake in the outcome of this litigation is substantial and unquestioned, under ERISA this is not the proper focus. While there are areas of law, such as securities litigation governed by the PSLRA, in which the plaintiff with the largest financial interest in the litigation is presumptively the most qualified to serve as the lead plaintiff, the largest financial loss is not the determining factor in selecting a lead plaintiff in an ERISA case. Indeed, there are no institutional plaintiffs in litigation of this type. Rather, the issue is which plaintiffs' counsel is most qualified pursuant to FED. R. CIV. P. 23(g).

This is because ERISA requires that actions for monetary losses caused by breaches of fiduciary duty be brought *on behalf of the Plan*, and not any one individual. ERISA's section 409(a) provides:

---

[6] Notably, although the *Weber* Plaintiffs' counsel make much about their trial experience, the fact is that all but one of the cases they list that they have taken to trial were non-ERISA cases. See *Weber* Opposition at 6-7.

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary ....

ERISA § 409(a); 29 U.S.C. § 1109(a) (emphasis added). Thus, much more so than in other areas of law, an individual participant/class member's loss is not the focus, or the proper incentive for an ERISA named plaintiff. Indeed, the structure of ERISA remedy law diminishes the supervisory incentive of particular plaintiffs based on particular individual losses. In short, in this and any other ERISA breach of fiduciary duty company stock class action, the single loss that matters and the loss that, at any rate, dwarfs any individual's loss, is the loss *to the Plan*.

Thus, unlike class actions that aggregate distinct harms on account of important commonalities, a class action for breach of fiduciary duty in an ERISA employer stock plan case vindicates an intrinsically representative cause of action, for recovery to the plan. Accordingly, considerations developed in securities or other fields of class action law for the purpose of aligning the incentives of class counsel with particularly aggrieved claimants have no counterpart in cases such as the instant one, in which recovery flows only to the plan. Accordingly, the *Howard* Plaintiffs bring this action on behalf of the ESOP Plan under ERISA, and not to recover personal losses of their own.

Thus, not surprisingly, given the unique remedial provisions under ERISA discussed above, in the multitude of ERISA company stock cases for which the *Howard* ERISA Counsel serve as lead or co-lead counsel, in selecting lead counsel *no court* has focused on who among

the plaintiffs suffered the largest loss, and, instead, has chosen the *counsel with the superior qualifications and experience*.[7]

Even drawing a parallel to derivative actions as the *Weber* Plaintiffs attempt to do is unhelpful to their cause.  In a case cited by the *Weber* Plaintiffs, the Court found that even in a derivative action:

> that the nature of private securities litigation differs from shareholder derivative cases brought on behalf of a corporation, in which shareholders will benefit only indirectly.  That difference is particularly apposite in assessing the relevance of the aforementioned presumption. *Judge Reyes properly considered the possibility of choosing the plaintiff with the largest financial interest and found that such a presumption is not appropriate, and is certainly not required by law, in this derivative action.*

*In re Comverse Tech, Inc. Derivative Litig,* 2006 U.S. Dist. LEXIS 88261, *10-12 (E.D.N.Y. 2006) (emphasis added).  Thus, even if ERISA could be properly analogized to other derivative actions, the amount of loss of a particular class representative would not put him or her above another, particularly where, as here, Keller Rohrback and SBTK have far more directly relevant experience than counsel who contend that their clients suffered a larger loss.

### 3.    The Leadership Structure Proposed by the *Howard* Plaintiffs Is Efficient.

Last, the *Weber* Plaintiffs' contention that because SBTK and Keller Rohrback are located outside the Southern District of New York ("SDNY") they are less likely to efficiently manage this case is unfounded.  First, this argument completely ignores that both Keller Rohrback and SBTK have, on numerous occasions, been appointed lead or co-lead counsel in multiple, nationally prominent ERISA class action cases pending before this Court, and have

---

[7]Even aside from this fundamental ERISA principle, the *Howard* Plaintiffs include persons whose Plan accounts incurred significant losses as a result of the failure of the Defendants to prudently manage Plan's assets – *e.g.,* Plaintiff Greenberg lost over $80,000 in his individual account as a result of the Plan's investment in Bear Stearns stock.

litigated these cases efficiently and successfully.[8]  Second, the argument ignores that proposed co-lead counsel for the *Weber* Plaintiffs, Hagens Berman, is also not located in the Southern District of New York and the costs of this firm's time and travel to hearings, depositions, and meetings in this litigation would be on par with *Howard* counsel.  Third, Keller Rohrback is willing to pay its own airfare costs for travel to and from New York to attend to matters in this case.  Fourth, the *Howard* Plaintiffs' liaison counsel, DS, which is located within the S.D.N.Y will add to the efficiency of the action by attending to matters that do not require the presence of lead counsel.  Fifth, SBTK is located in the suburbs of Philadelphia, within an hour and half of New York by car, and an hour by train.  Sixth, SBTK and Keller Rohrback will ensure that there is no duplication of work between the *Howard* Plaintiffs proposed Interim Liaison Counsel and Interim Co-Lead Counsel as they have done many times in many cases throughout the country. Finally, the argument ignores that Keller Rohrback and SBTK have efficiently and successfully worked together as co-lead counsel in several other ERISA breach of fiduciary duty company stock class action cases.[9]

Indeed, Keller Rohrback and SBTK's track record of success working together distinguishes them from the *Weber* Plaintiffs' counsel, Hagens Berman and Wolf Popper who

---

[8]Keller Rohrback has served in a leadership position in the following cases in the Southern District of New York: *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 (S.D.N.Y.) (J. Cote); *In re Global Crossing ERISA Litigation*, No. 02-7453 (S.D.N.Y.) (J. Lynch); *In re Polaroid ERISA Litigation*, No. 03-8335 (S.D.N.Y.) (J. Pauley); *In re Marsh ERISA Litigation*, No. 04-8157 (S.D.N.Y.) (J. Kram); *In re Pfizer Inc. ERISA Litig.*, No. 04-10071 (S.D.N.Y.) (J. Owen); *In re AIG ERISA Litig.*, No. 04-8141 (S.D.N.Y.) (J. Sprizzo); and *In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 07-9633 (S.D.N.Y.) (J. Sand).  SBTK has served in a leadership position in the following cases in the Southern District of New York: *In re AOL ERISA Litig.*, 02-CV-8853 (S.D.N.Y.); *In re Citigroup Litig.*, No. 03-CV-2932 (S.D.N.Y.); *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.); *In re Bristol-Myers Squibb Co. ERISA Litig.*, No. 02-CV-10129 (S.D.N.Y.); *Koch v. Loral Space Commc'ns Ltd.*, 03-CV-9729 (S.D.N.Y.); *In re Polaroid ERISA Litigation*, No. 03-8335 (S.D.N.Y.); and *Wilson v. Federal Home Loan Mortgage Corp.*, No. 04-CV-2632 (S.D.N.Y.).

[9] *See, e.g., Miller v. Beazer*, No. 07-00952 (N.D. Ga. Apr. 30, 2007); *In re Ford Motor Co. ERISA Litig.*, No. 06-11718 (E.D. Mich. Apr. 17, 2006); *In re Merck Co., Inc. Sec., Derivative & "ERISA" Litig.*, MDL. No. 1658 (D.N.J. May 5, 2005); *In re Mirant ERISA Litig.*, No. 03-1027 (N.D. Ga. Nov. 16, 2006); and *In re Visteon Corp. ERISA Litig.*, No. 05-71205 (E.D. Mich. Mar. 9, 2007).

have never handled an ERISA class action together. By appointing counsel who have worked together many times in cases of this precise type, and are each well versed in the nuances of ERISA law, the Court can ensure representation for the Class that is both efficient and effective. This efficiency alone will more than make for whatever incidental additional travel costs are caused by the appointment of two firms that are located outside of New York (Keller Rohrback and SBTK), as opposed to one firm from New York and another from Seattle, as suggested by *Weber* Plaintiffs. Counsel for the Howard Plaintiffs, Keller Rohrback and SBTK respectfully submit that the location of a firm is nowhere near as important as the proven ability of proposed co-lead counsel to work efficiently and effectively together. Accordingly, *Weber* Plaintiffs' contention that their proposed structure will be more efficient than the structure proposed by the *Howard* Plaintiffs is without merit.

## CONCLUSION

For the foregoing reasons, the *Howard* Plaintiffs respectfully request that the Court enter their [Proposed] Pretrial Order No. 1, appointing Aaron Howard and Shelden Greenberg as Interim Lead Plaintiffs, appointing SBTK and Keller Rohrback as Interim Co-Lead Class Counsel, pursuant to FED. R. CIV. P. 23(g) and DS as Interim Liaison Counsel, and deny the Motion For Appointment of Lead Plaintiffs and Leadership Structure and Entry of [Proposed] Pretrial Order No. 1 filed in conjunction with the *Weber* Plaintiffs' Motion for Appointment of Interim Lead Plaintiff and Lead Counsel.

Dated: April 29, 2008                                          Respectfully submitted,

                                                              **DEALY & SILBERSTEIN, LLP**

                                                              Milo Silberstein (MS 4637)
                                                              225 Broadway, Suite 1405
                                                              New York, NY 10007

Telephone: (212) 385-0066
Facsimile:  (212) 385-2117

*Proposed Interim Liaison Counsel for
the Class.*

**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
James A. Maro
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056

*Counsel for Aaron Howard and
Proposed Interim Co-Lead Counsel for
the Class.*

**KELLER ROHRBACK L.L.P**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

*Counsel for Shelden Greenberg and
Proposed Interim Co-Lead Counsel for
the Class.*

- 11 -